IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WELLINGTON LUNA DE LA CRUZ,

                Petitioner,

v.

WARDEN E. EMMERICH,[1]

                Respondent.

OPINION and ORDER

24-cv-346-wmc

---

      Representing himself, petitioner Wellington Luna De La Cruz seeks a federal writ of habeas corpus under 28 U.S.C. § 2241 to challenge the calculation of his sentence by the United States Bureau of Prisons ("BOP"). (Dkt. #1.) Specifically, petitioner contends that he has been denied earned time credits under the First Step Act, 18 U.S.C. § 3632(d)(4)(A), that would shorten the length of his imprisonment. Respondent has filed a response, arguing that the petition must be denied because (1) petitioner failed to exhaust administrative remedies before seeking relief; and (2) even if he had exhausted the available administrative remedy process, his petition is without merit because he is not eligible for the time credits he seeks. (Dkt. #8.) The petition will be denied and this case will be dismissed for the reasons explained below.

---

[1] Although petitioner simply lists the FCI Oxford Warden as respondent, the court substitutes Warden E. Emmerich as the proper respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases, which apply in proceedings governed by 28 U.S.C. § 2241.

OPINION

Petitioner is currently imprisoned as the result of a conviction for conspiracy to distribute and possession with intent to distribute heroin from the United States District Court for the District6 of New Jersey. (Ford Decl. (dkt. #10), at ¶ 2.) His projected release date is December 28, 2024. (Id. at ¶ 8.) Petitioner argues, however, that he would be entitled to immediate release if the BOP recalculated his sentence to include time credits earned under the First Step Act, 18 U.S.C. § 3632(d)(4)(A) (also known as FSA Time Credits or "FTCs"). (Dkt. #1, at 1.) The First Step Act provides eligible inmates the opportunity to earn these time credits, which apply toward time in prerelease custody or early transfer to supervised release, through successful participation in "evidence-based recidivism reduction programs or productive activities[.]" 18 U.S.C. § 3632(d)(4)(C).

A federal prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the execution of his sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (recognizing that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241). Still, to obtain a writ of habeas corpus a prisoner must show that he is in custody in violation of the Constitution or laws if the United States. 28 U.S.C. § 2241(c)(3). Moreover, before seeking relief in federal court a prisoner must exhaust administrative remedies. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) (observing that the "common-law exhaustion rule applies to § 2241 actions"); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (per curiam) (courts may "review a claim concerning the computation of a sentence only after administrative remedies have been exhausted").

To exhaust administrative remedies, a prisoner incarcerated by the BOP must first file an informal complaint with institution staff. 28 C.F.R. § 542.13(a). If the complaint is not

2

resolved informally, a prisoner must file an administrative remedy request on a BP-9 form at the institution where he is incarcerated. 28 C.F.R. § 542.14(a). If the prisoner is unsatisfied with the warden's response to his BP-9, he may submit an appeal to the Regional Director on a BP-10 form within 20 days. 28 C.F.R. § 542.15(a). If the prisoner is unsatisfied with the Regional Director's response, he may submit an appeal on a BP-11 form to the Office of General Counsel within 30 days. *Id*. Exhaustion of administrative remedies requires complete exhaustion, even if the appeals process results in the denial of the requested relief. *Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989).

Respondent notes that petitioner did not complete the BOP administrative remedy process. (Warzynski Decl. (dkt. #9) at ¶ 9.) Petitioner concedes that he did not exhaust, but argues that exhaustion should be excused because it would be futile to pursue the administrative remedy process regarding the relief sought in this case. The court need not resolve whether petitioner may be excused from the exhaustion requirement because his claim fails on the merits.

Respondent points out that petitioner was convicted of distributing heroine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(i). (Ford Decl. (dkt. #10) at ¶ 4.) The sentencing court found that, in committing the offense, petitioner was an organizer, leader, manager, or supervisor of others pursuant to United States Sentencing Commission § 3B1.1(b). (*Id*. at ¶¶ 4-5.) Prisoners convicted of an offense related to the distribution of heroin who are found to be an organizer, leader, manager, or supervisor of others in the offense are expressly excluded from eligibility for earning FTCs under the First Step Act. 18 U.S.C. § 3632(d)(4)(D)(lxv).

In addition, respondent has provided an Immigration Detainer Notice of Action dated December 16, 2023, and a Detainer Action Letter dated December 19, 2023, showing that

petitioner is subject to a final order of removal. (Ford Decl. (dkt. ##10-4, 10-5) attachments E and F.) Respondent also provides an Order of Removal that was entered against petitioner, who waived an appeal. (Ford Decl. (dkt. #10-6) attachment G.) Prisoners who are under a final order of removal are expressly excluded from eligibility for FTCs under the First Step Act. *See* 18 U.S.C. § 3632(d)(4)(E)(i) ("A prisoner is ineligible to apply time credits under subparagraph C if the prisoner is the subject of a final order of removal under any provision of the immigration laws[.]"); *see also* 28 C.F.R. § 523.44(a)(2) (stating that the BOP "may not apply FSA Time Credits toward prerelease custody or early transfer to supervised release" for prisoners subject to a final order of removal under immigration laws). Petitioner fails to show that FTCs apply to shorten his term of imprisonment or that his sentence has been calculated incorrectly. Because he is not entitled to relief under 28 U.S.C. § 2241, his petition must be denied.

ORDER

IT IS ORDERED that:

1. The petition filed by Wellington Luna De La Cruz (dkt. 1) is DENIED.
2. This case is DISMISSED with prejudice.

Entered on this 22nd day of November, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge